FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 17, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEZARAY B., | No. 1:19-CV-03120-JTR |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1], | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 18. Attorney D. James Tree represents Dezaray B. (Plaintiff); Special Assistant United States Attorney Jacob Peter Phillips represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on September 30, 2015, alleging disability since August 21, 2015, due to depression, anxiety, insomnia, sciatic nerve pain, PTSD, and bipolar disorder. Tr. 69. The application was denied initially and upon reconsideration. Tr. 98-106, 110-16. Administrative Law Judge (ALJ) Laura Valente held a hearing on September 28, 2017, Tr. 38-67, and issued an unfavorable decision on April 18, 2018, Tr. 15-27. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 167. The Appeals Council denied the request for review on April 2, 2019. Tr. 1-5. The ALJ's April 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 29, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1984 and was 31 years old as of the date she filed her application. Tr. 22. She has a GED and some college course work and a limited work history. Tr. 196, 574. Plaintiff had a traumatic childhood, involving the death of her older sister, her father's death by drug overdose, and Plaintiff's placement in foster care. Tr. 59, 406-07, 419. At the age of 18 Plaintiff returned to live with her mother and began using drugs. Tr. 59-60, 572. She had a period of sobriety for about five years in her 20s, but returned to methamphetamine and heroin use. Tr. 52. In late 2014 Plaintiff discovered her partner had been abusing her daughter; she experienced a significant increase in her depression and anxiety in dealing with the fall-out from the abuse, including his criminal trial. Tr. 414, 571, 829. In 2016 Plaintiff's children were removed from her custody and placed in foster care. Tr. 800. In May 2017 Plaintiff entered a 30-day detox and then transferred to a six-month inpatient treatment facility. Tr. 676. Shortly before her disability hearing,

her middle child was returned to her custody and came to live with her in the treatment home. Tr. 46, 1067.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to

disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). When there is medical evidence of drug or alcohol addiction (DAA), the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. § 416.935(a). In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the remaining limitations would not be disabling, DAA is a material contributing factor to the determination of disability. *Id.* If the remaining limitations would be disabling, the claimant is disabled independent of the DAA and the addiction is not a material contributing factor to disability. *Id.* Plaintiff has the burden of showing that DAA is not a material contributing factor to disability. *See Parra*, 481 F.3d at 748.

## ADMINISTRATIVE DECISION

On April 18, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act, due to the materiality of substance abuse. Tr. 15-27.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: low back disorder, opioid abuse, major depressive disorder, and anxiety disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of medium work, with the following limitations:

> The claimant can perform all postural activities on a frequent basis, except stooping, kneeling, crouching, and crawling are limited to an occasional basis. She can perform simple, routine tasks in two hour increments and she can maintain concentration, persistence, and pace for six hours in an eight hour work day. She can work in the same room as the public, but she can have only superficial, occasional contact. She is further limited to working in the same room as co-workers, but not in coordination. The claimant can handle simple, routine changes. She is limited to occasional interaction with supervisors. The claimant will likely be absent from work three days per month.

Tr. 19.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a cashier or counter attendant. Tr. 22

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 22-23.

Because of Plaintiff's substance abuse, the ALJ further considered her abilities if she were to stop using drugs. Tr. 23. The ALJ found Plaintiff's

remaining impairment would continue to be severe, but would not meet or medically equal a listing. Tr. 23.

The ALJ found, if Plaintiff stopped the substance abuse, she would retain the same physical capabilities, but would have the following additional limitations:

> The claimant has sufficient concentration for complex and detailed tasks in two hour increments with usual and customary breaks in an eight hour work day. She can work in the same room as the public, but she can have only superficial contact. She is further limited to working in the same room as co-workers, but not in coordination. The claimant can handle simple, routine changes. She is limited to occasional interaction with supervisors.

Tr. 24.

The ALJ found Plaintiff would continue to be unable to perform her past relevant work even if she stopped the substance abuse. Tr. 26.

The ALJ finally found that, considering Plaintiff's age, education, work experience, and residual functional capacity if she stopped using drugs, there would be jobs that existed in significant numbers in the national economy that she was capable of performing, specifically identifying the representative occupations of cleaner/housekeeper, production assembler, and outside deliverer. Tr. 26.

The ALJ thus concluded Plaintiff's substance use disorder was a contributing factor material to the determination of disability, and thus Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 26-27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly finding substance abuse to be material to the finding of disability; (2) improperly assessing medical opinion evidence; (3) improperly rejecting Plaintiff's symptom testimony; and (4) failing to develop the record.

## DISCUSSION

**1.    Materiality of substance abuse**

Plaintiff argues the ALJ improperly found substance abuse to be material to the finding of disability. ECF No. 14 at 9-12. Specifically, she argues the ALJ failed to point to sufficient evidence demonstrating Plaintiff's co-occurring mental impairments are not disabling in the absence of substance abuse. *Id.* Defendant argues that substantial evidence supports the ALJ's finding that substance abuse was material, specifically pointing to a period of sobriety to make reasonable judgments about Plaintiff's abilities when not abusing substances. ECF No. 18 at 3-7.

The Social Security Act bars payment of benefits when drug abuse or alcoholism (DAA) is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) & 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). If there is evidence from an acceptable medical source that Plaintiff has a substance abuse disorder and the claimant succeeds in proving disability, the Commissioner must determine whether DAA is *material* to the determination of disability. 20 C.F.R. § 416.935; SSR 13-2p (Feb. 20, 2013), *available at* 2013 WL 621536. That is, the ALJ must perform the sequential evaluation process a second time, separating out the impact of the claimant's DAA, to determine if she would still be found disabled if she stopped using drugs or alcohol. *Bustamante*, 262 F.3d at 955. DAA is a materially contributing factor if the claimant would not meet the SSA's definition of disability if the claimant were not using drugs or alcohol. 20 C.F.R. § 416.935(b).

To determine the materially of DAA, the ALJ will "[1] evaluate which of [the claimant's] current physical and mental limitations . . . would remain if [the claimant] stopped using drugs or alcohol and then [2] determine whether any or all of [the claimant's] remaining limitations would be disabling." *Ingram v. Barnhart*, 72 Fed. Appx. 631, 634 (9th Cir. 2003) (citing 20 C.F.R. § 416.935(b)(2)).

Plaintiff has a lengthy history of substance abuse, and readily admitted to her extensive heroin and methamphetamine abuse throughout much of the relevant period. Tr. 50-51, 457, 603-06, 725, 772. In May 2017, Plaintiff entered a 30-day detoxification program, and then transferred to a residential facility for a planned six-month stay for further substance abuse treatment. Tr. 676, 923. She continued to reside at the facility as of her hearing in September 2017, and was maintaining her sobriety. Tr. 57-58. The ALJ found the evidence from Plaintiff's period of sobriety supported a finding that her condition improved in the absence of substance abuse to the point of being capable of working. Tr. 24-26.

Social Security Ruling 13-2p(7) addresses situations where a claimant's co-occurring mental disorders improve in the absence of DAA:

> b. To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA. Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder.
> . . .
> d. We will find that DAA is not material to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA.

SSR 13-2p(7). The Ruling goes on to discuss the assessment of periods of abstinence in DAA cases in the presence of co-occurring mental impairments. It provides in pertinent part:

> i. Improvement in a co-occurring mental disorder in a highly structured treatment setting, such as a hospital or substance abuse rehabilitation center, may be due at least in part to treatment for the co-occurring mental disorder, not (or not entirely) the cessation of substance use. We may find that DAA is not material depending on the extent to which the treatment for the co-occurring mental disorder improves the claimant's signs and symptoms. If the evidence in the case record does not demonstrate the separate effects of the treatment for DAA and for the co-occurring mental disorder(s), we will find that DAA is not material, as we explain in Question 7.
>
> ii. A co-occurring mental disorder may appear to improve because of the structure and support provided in a highly structured treatment setting. As for any mental disorder, we may find that a claimant's co-occurring mental disorder(s) is still disabling even if increased support or a highly structured setting reduce the overt symptoms and signs of the disorder.
>
> iii. Given the foregoing principles, a single hospitalization or other inpatient intervention is not sufficient to establish that DAA is material when there is evidence that a claimant has a disabling co-occurring mental disorder(s). We need evidence from outside of such highly structured treatment settings demonstrating that the claimant's co-occurring mental disorder(s) has improved, or would improve, with abstinence

SSR 13-2p(9).

The Court finds the ALJ's finding of improvement to the point of non-disability in the absence of DAA is not supported by substantial evidence. All of the records of improvement the ALJ cited to were from a period of time when Plaintiff was still residing in the highly structured setting of her residential treatment facility. In July, for example, Plaintiff had reached the point where she

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

was allowed five weekly passes from the facility in order to attend NA meetings and church, but still had to be accompanied by someone else. Tr. 675. By September, her son was returned to her custody, but was living with her in the facility. Tr. 46. The records document that Plaintiff was continuing to attend therapy and medication management, and was dealing with emotions around her daughter's abuse and her own trauma. Tr. 669, 674. Under SSR 13-2p, evidence from outside such a structured setting is needed to indicate improvement to the point of non-disability.

On remand, the ALJ will re-evaluate the materiality of DAA and take into consideration any additional evidence that Plaintiff may submit.

**2.     Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 14 at 19-20.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's

statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. Specifically, the ALJ found there was no evidence of treatment in the record to corroborate Plaintiff's testimony that her anxiety had worsened since achieving sobriety. *Id.* The ALJ also noted largely normal physical findings and conservative treatment for her back pain. *Id.*

As this claim is being remanded for further consideration of the materiality of substance abuse, the ALJ will reassess Plaintiff's subjective complaints, and make specific findings regarding the reliability of her allegations. The Court notes the ALJ's summary of Plaintiff's allegations largely drew from statements made when Plaintiff was still abusing drugs. Tr. 25 (citing exhibit 4E, completed in December 2015, in this record at Tr. 202-09). On remand, the ALJ should clarify which portions of Plaintiff's statements and testimony are accepted or rejected.

**3.   Opinion evidence**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence by improperly rejecting the opinions from Dr. Sawyer and Ms. Mondragon. ECF No. 14 at 13-19.

*a. Dr. Sawyer*

When an examining physician's opinion is contradicted by another physician, the ALJ must offer "specific and legitimate" reasons to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

In January 2016, Plaintiff attended a consultative psychological exam with Dr. Greg Sawyer. Tr. 570-79. Dr. Sawyer diagnosed Plaintiff with PTSD, major depressive disorder, history of bipolar disorder, and traits of borderline personality

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

1  disorder. Tr. 577. He opined Plaintiff would not have difficulty with simple routine
2  tasks, accepting instruction, and performing work activities on a consistent basis.
3  Tr. 578. He found she would have difficulty with detailed and complex tasks,
4  carrying out complex and 1-2 step instructions, maintaining effective social
5  interactions, sustaining concentration and persistence, maintaining regular
6  attendance, and dealing with usual stress in the workplace. Tr. 578-79.

7        The ALJ gave this opinion some weight, but noted that Dr. Sawyer failed to
8  mention the effects of Plaintiff's substance abuse on her functioning, and noted
9  that Plaintiff had provided incorrect evidence to Dr. Sawyer regarding her ongoing
10  substance abuse. Tr. 21. Nevertheless, the ALJ incorporated cognitive, social, and
11  adaptive limitations into the RFC evaluating Plaintiff's abilities when using
12  substances. Tr. 21-22.

13        Plaintiff argues Dr. Sawyer's assessed limitations were based on his
14  objective assessment and the fact that he did not separately assess the impact of
15  substance use was not a specific and legitimate reason to discount his opinion. ECF
16  No. 14 at 15. She further argues that the ALJ was incorrect about Dr. Sawyer not
17  addressing substance use and Plaintiff providing incorrect information about
18  sobriety. *Id.* at 15-17. Defendant argues the ALJ reasonably translated Dr.
19  Sawyer's opinion into functional limitations that were disabling when considering
20  the impact of substance abuse, and that the ALJ's reading of the record was
21  supported by substantial evidence. ECF No. 18 at 7-11.

22        The Court finds no error. The ALJ reasonably found Dr. Sawyer's opinion to
23  be premised to some extent on incorrect information from Plaintiff regarding her
24  sobriety. *Chaudhry v. Astrue*. 688 F.3d 661, 671 (9th Cir. 2012). Furthermore, Dr.
25  Sawyer assessed disabling limitations during a period of time when Plaintiff was
26  continuing to use drugs; the ALJ found Plaintiff to be unable to work full time
27  when using drugs. Plaintiff has advanced no explanation as to how Dr. Sawyer's
28

opinion would reflect her abilities when sober. The ALJ did not err in her analysis of Dr. Sawyer's opinion.

### b. Ms. Mondragon

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff's treating social worker, Gabriela Mondragon, completed a Work First form for the Department of Social and Health Services in October 2015. Tr. 398-401. She noted Plaintiff's diagnoses to include bipolar disorder, PTSD, and severe opioid use. Tr. 398. She opined Plaintiff was limited to 1-10 hours per week of work-related activity, and would have difficulty with concentration and interactions with others. *Id.*

The ALJ gave this opinion some weight for the period when Plaintiff was using substances, however she noted that the opinion failed to account for the effects of Plaintiff's substance use and how the use played into her other mental health issues. Tr. 21.

Plaintiff argues the ALJ was wrong to find the opinion did not account for how substance use contributed to Plaintiff's other mental health issues, and argues that the disabling limitations were specifically linked to psychiatric limitations alone. ECF No. 14 at 17-19. Defendant argues the ALJ reasonably accounted for the opinion in formulating the RFC with substance use, and to the extent the ALJ rejected it, gave a germane reason. ECF No. 18 at 11-14. Defendant further argues the opinion does not clearly comment only on limitations related to mental health, as Ms. Mondragon noted one of Plaintiff's diagnoses to be severe opioid abuse. *Id.*

The Court finds no harmful error. As with Dr. Sawyer's opinion, the opinion from Ms. Mondragon was offered during a period when Plaintiff was engaged in extensive substance abuse. Though the RFC formulated by the ALJ was not as limiting as the opinion offered by Ms. Mondragon, any omission of greater

limitations was harmless, as the ALJ found Plaintiff unable to work when considering the impact of substances. Plaintiff's argument that Ms. Mondragon's opinion only reflects limitations stemming from mental health impairments is not supported by the record.

**4.    Development of the record**

Plaintiff argues that the ALJ erred in failing to adequately develop the record with respect to Plaintiff's RFC when not using substances. ECF No. 14 at 20-21. Plaintiff argues the ALJ should have obtained an updated psychological evaluation once Plaintiff had achieved sobriety. *Id.* Defendant argues the record was unambiguous and the ALJ had no further duty to develop the record. ECF No. 18 at 17-18.

The obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). As this claim is being remanded for further proceedings, the ALJ will reassess, based on the updated record, whether any additional evidence is needed to make an evaluation of disability and the materiality of substance use.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the materiality of substance abuse, and in so doing reassess

Plaintiff's subjective complaints and make findings on each of the five steps of the sequential evaluation process, obtaining supplemental testimony from a vocational expert as needed, and taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED July 17, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE